IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-214-BO-RN

EMANEE K. BARNES, )
)
Plaintiff, )
)
v. ) O R D E R
)
TELEPERFORMANCE USA, )
)
Defendant. )

This cause comes before the Court on two memorandum and recommendations (M&R) of United States Magistrate Judge Robert T. Numbers, II. [DE 6]; [DE 10]. Plaintiff, who proceeds in this action *pro se*, has filed objections to the M&Rs and the matters are ripe for disposition.

## BACKGROUND

Plaintiff instituted this action by filing a complaint and a motion to proceed *in forma pauperis* on April 24, 2025. [DE 1]; [DE 2]. The matters were referred to Magistrate Judge Numbers, who on August 4, 2025, entered an order granting plaintiff's motion to proceed *in forma pauperis* and an M&R recommending that plaintiff's complaint be dismissed. [DE 6]. Plaintiff filed two timely objections to the M&R. [DE 7]; [DE 8]. On August 13, 2025, Chief United States District Judge Richard E. Myers, II directed Magistrate Judge Numbers to issue a supplement to his M&R addressing the Court's subject matter jurisdiction over this action. Magistrate Judge Numbers entered his supplement addressing subject matter jurisdiction on August 14, 2025. [DE 10]. Plaintiff filed a timely objection [DE 14] and an untimely objection. [DE 15]. This case was reassigned to the undersigned on August 25, 2025.

While there is no technical form required in order to file a complaint, the pleading must nonetheless contain short and plain statements of the claims which show that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a); (d). Here, rather than file a single document denominated as a complaint, plaintiff has filed sixteen appendices which include a timeline of events, a narrative description of plaintiff's claims, and various supporting documents. *See* [DE 1]. In her complaint, plaintiff appears to allege a single claim for violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1, *et seq*. [DE 1-2]. Plaintiff's complaint arises from what she describes as a hiring mishap which caused emotional and physical distress. [DE 1-4] at 2. Her claim is based on defendant having invited her to a virtual hiring event and then removing her from the meeting after determining that she may not be eligible for rehire. Plaintiff alleges that a human resources representative later contacted plaintiff and acknowledged that plaintiff should not have treated the way she was treated. Plaintiff alleges defendant's actions have caused her severe emotional distress, financial harm, and professional setbacks. Plaintiff alleges that defendant's failure to act in good faith constitutes a deceptive and unethical business practice. *See id*.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation,

2

district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

First, the Court has considered plaintiff's objections to the supplemental M&R recommending that the Court has subject matter jurisdiction over plaintiff's complaint based on diversity jurisdiction. In her objection, plaintiff fails to specifically object to any part of the recommendation that the Court find it has subject matter jurisdiction. Accordingly, the Court has reviewed the recommendation for clear error and finds none. The supplemental M&R is therefore adopted in full, and the Court finds that it has subject matter jurisdiction over plaintiff's complaint.

Next, the Court considers plaintiff's timely objections to the recommendation that her complaint be dismissed. Plaintiff argues that the recommendation overlooks defendant's repeated and escalating pattern of misleading conduct, emotional harm, and public embarrassment of plaintiff which supports her claims. Plaintiff argues that she has acted diligently and obtained a notice of right to sue from the Equal Employment Opportunity Commission (EEOC) and that her claims raise serious concerns of fraudulent misrepresentation, negligent misrepresentation, unfair and deceptive trade practices, intentional infliction of emotional distress, and Title VII violations. Finally, plaintiff requests leave to amend her complaint, asserting she can add factual or legal refinement if necessary. [DE 7]. In her second objection, plaintiff again references an EEOC right to sue notice, argues that her case is not frivolous, and asks the Court to reject the recommendation to dismiss her complaint.

3

The Court has considered plaintiff's objections to the M&R and finds that none have merit. However, in light of the liberal standard for amending a complaint, *see* Fed. R. Civ. P. 15(a), in particular at this early stage of the proceeding, the Court, in the exercise of its discretion, will permit plaintiff an opportunity to amend her complaint. Accordingly, the M&R recommending dismissal is rejected as moot, and plaintiff's request to amend her complaint is granted.

## CONCLUSION

For the foregoing reasons, the supplemental M&R at [DE 10] is ADOPTED in full and plaintiff's objections to [DE 10] are OVERRULED. Plaintiff's objections to the M&R at [DE 6] are OVERRULED, plaintiff's request for leave to amend her complaint is GRANTED, and the M&R at [DE 6] is REJECTED as MOOT in light of the grant of plaintiff's request to amend her complaint.

Plaintiff shall file her amended complaint on or before December 10, 2025. Plaintiff shall file her complaint as a single document which includes a short and plain statement of each claim. Failure to comply with this order may result in dismissal of this action.

SO ORDERED, this 25 day of November 2025.

*[Signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE